IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2164-D

CHARLES DEXTER UNDERWOOD,    )
                             )
            Petitioner,      )
                             )
        v.                   )        **ORDER**
                             )
DAVID RICH,                  )
                             )
            Respondent.      )

On July 10, 2025, Charles Dexter Underwood ("Underwood" or "petitioner"), a federal inmate proceeding pro se, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. On October 30, 2025, the court conducted its preliminary review under 28 U.S.C. § 2243 and allowed the petition to proceed [D.E. 4]. On December 9, 2025, respondent moved to dismiss the petition for lack of jurisdiction [D.E. 10] and filed a memorandum in support [D.E. 11]. See Fed. R. Civ. P. 12(b)(1). On the same date, the court notified Underwood about respondent's motion to dismiss, the response deadline, and the consequences of failing to respond [D.E. 12]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On January 27, 2026, Underwood filed a one-page response in opposition [D.E. 14]. As explained below, the court grants respondent's motion to dismiss.

I.

Underwood seeks earned time credits under the First Step Act ("FSA") and alleges that the Federal Bureau of Prisons ("BOP") "refuses to apply [his] full FSA-FTC's and SCA towards prerelease custody." [D.E. 1] 2; see id. at 6–7; [D.E. 1-1] 1–3. Specifically, Underwood alleges the BOP "ha[s] failed to timely 'apply' all of [his] earned and projected FSA-FTC's towards

prerelease custody as mandated by the First Step Act of 2018 and refuse[d] to apply the Second Chance Act to prerelease custody." [D.E. 1-1] 1. Underwood seeks an order "applying all earned and projected FSA-FTC's and 7 months of SCA towards prerelease custody." [D.E. 1] 7. On November 6, 2025, Underwood was released to a residential reentry management ("RRM") center. See [D.E. 9] 1; BOP Inmate Locator, https://www.bop.gov/inmateloc (search by inmate name) (last visited June 8, 2026). Underwood is subject to a five-year term of supervised release. See Judgment at 4, United States v. Underwood, No. 5:21-CR-34 (E.D.N.C. Mar. 29, 2022), [D.E. 136].

Respondent seeks dismissal of the petition. See Fed. R. Civ. P. 12(b)(1); [D.E. 10] 1; [D.E. 11] 1–3. A motion to dismiss under Rule 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012); Constantine v. Rectors & Visitors of Geo. Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005); Fed. R. Civ. P. 12(b)(1). A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine, 411 F.3d at 479–80. "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co., 523 U.S. at 104; see, e.g., Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). When considering a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings without converting the [motion] to one for summary judgment." White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459 (4th Cir. 2005) (citation omitted); see, e.g., Evans, 166 F.3d at 647; Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

2

A live case or controversy must exist through all stages of a federal judicial proceeding. See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477–78 (1990). A case or controversy no longer exists "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (cleaned up). The court lacks jurisdiction if there is no longer a live case or controversy. See U.S. Const. art. III, § 2; Already, LLC, 568 U.S. at 91; Powell v. McCormack, 395 U.S. 486, 496 (1969); Lancaster v. Sec'y of Navy, 109 F.4th 283, 288–89 (4th Cir. 2024); Martineau v. Wier, 934 F.3d 385, 390 n.2 (4th Cir. 2019); United States v. Springer, 715 F.3d 535, 540 (4th Cir. 2013); Davis v. Sears, No. 7:26-CV-40, 2026 WL 1094785, at *1–2 (W.D. Va. Apr. 21, 2026) (unpublished).

Underwood's petition is moot in light of his release to an RRM. See, e.g., Lucas v. Joseph, No. 9:25-CV-2955, 2025 WL 4059618, at *4 (D.S.C. Dec. 8, 2025) (unpublished), report and recommendation adopted, 2026 WL 129726 (D.S.C. Jan. 16, 2026) (unpublished); see also United States v. Davis, __ F.4th __, 2026 WL 1552611, at *1 (4th Cir. June 2, 2026). FSA "credits cannot be used to shorten a term of supervised release." Dandridge v. United States, No. 3:22-CV-647, 2023 WL 4137470, at *1 (E.D. Va. June 22, 2023) (unpublished) (citation omitted); see Hargrove v. Healy, 155 F.4th 530, 533–35 (6th Cir. 2025) (collecting cases), cert. denied, No. 25-818, 2026 WL 1052155 (U.S. Apr. 20, 2026); Palacio v. Sullivan, 814 F. App'x 774, 775 (4th Cir. 2020) (per curiam) (unpublished); Sinani v. Warden FCI Edgefield, No. 2:23-CV-3624, 2024 WL 3862662, at *3 (D.S.C. June 20, 2024) (unpublished) (collecting cases), report and recommendation adopted, 2024 WL 3861554 (D.S.C. Aug. 19, 2024) (unpublished); Raley v. Warden of FCI Cumberland, No. CV 23-2845, 2024 WL 3090461, at *2 (D. Md. June 20, 2024) (unpublished). Underwood also has failed to plausibly allege that any delay in releasing him to a RRM kept him "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3);

3

see Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979); Warner v. Bragg, No. 9:19-CV-344, 2019 WL 2016812, at *4 (D.S.C. Apr. 12, 2019) (unpublished), report and recommendation adopted, 2019 WL 2009300 (D.S.C. May 7, 2019) (unpublished). Thus, the court grants respondent's motion to dismiss.

## II.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 10], DISMISSES WITHOUT PREJUDICE petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1] for lack of jurisdiction, and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001). The clerk SHALL close the case.

SO ORDERED. This _8_ day of June, 2026.

JAMES C. DEVER III
United States District Judge

4